SMITH, *Appellant*, v. STOKES.

**Practice.** The trial court having directed a verdict for defendant, this court reverses the judgment, holding that there was evidence given on the part of the plaintiff which should have been submitted to the jury.

*Appeal from DeKalb   Circuit   Court.*—HON. JOS. P. GRUBB, Judge. .

REVERSED.

*Wm. Henry* for appellant.

*Ramey & Brown* for respondent.

HENRY, J.—This suit originated in a justice's court in DeKalb county, and was to recover damages for an alleged trespass committed by defendant in hauling from or near

his premises two dead hogs and depositing them in plaintiff's field. Defendant had a judgment in the justice's court, and on appeal by plaintiff to the circuit court, defendant again obtained a judgment, from which plaintiff appeals to this court.

From the evidence it appears that the defendant directed his two minor sons to haul the hogs away and deposit them in his own field, but, in disregard of his order, his sons took them into plaintiff's field and left them there, and the question to be determined was whether this was done with defendant's previous knowledge and approval.

For plaintiff, D. M. Allen testified that he had a conversation with defendant after the trial of the cause before the justice of the peace; that it occurred in witness' field, and was as follows: Defendant asked witness why he was not at the trial; witness replied that he did not know much about the case, only that he saw the hogs there, in plaintiff's field; defendant then said that he did not deny that his hogs were there; that Jim took them there; that Jim said their corn was only checked one way, and that it would tear down the corn to take them through, and that he would take them up *there;* stated that he told Jim to take the hogs down to the lower edge of his field, but he took them into Smith's field after he left and went to Cameron.

This evidence, if it did not directly establish the fact that defendant knew that Jim intended to leave the hogs in plaintiff's field, certainly tended in that direction. If it is a question, on this testimony, whether his son told defendant before he took the hogs to plaintiff's field of his purpose to do so, it was certainly one for the jury and not for the court to determine. The court instructed the jury that "under the evidence they must find for defendant," and therein we think committed error, and the judgment is, therefore, reversed and the cause remanded. All concur.